IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-0790-TWT-CCH |
| | : | |
| JUDY MOODY, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 16th day of March, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK, | : | CIVIL ACTION NO. |
| | : | 1:11-CV-0790-TWT-CCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JUDY MOODY, | : | |
| | : | **FINAL REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |

Defendant Judy Moody, acting *pro se*, seeks leave to remove this civil action from the State Court of DeKalb County to this Court and seeks to do so *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). *See* Application to Proceed in District Court without Prepaying Fees or Costs [2].

The Court notes that Defendant has failed to sign or date the Affidavit in Support of her Application to Proceed in District Court without Prepaying Fees or Costs [2]. Nevertheless, the Court **GRANTS** Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [2] solely for the limited purpose of determining whether this action has been properly removed to this Court.

Pursuant to 28 U.S.C. § 1446(c)(4), this Court must remand any action which has been improperly removed:

> The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

The Court, therefore, must examine the "Notice of Removal of Action and Counter Claim" [1] and "Amended Notice of Removal of Action and Counter Claim" [5] to determine whether this action has been properly removed to this Court. In order for removal to be proper, Defendant must demonstrate that the action she seeks to remove is based on diversity jurisdiction, or that the action as pled by the Plaintiff in state court contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a), (b), 1331(a), 1332. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The Court first notes that the Defendant's Notice of Removal and Amended Notice of Removal both fail to attach the original complaint filed by the Plaintiff in the State Court of DeKalb County, as required by 28 U.S.C. § 1446(a). Defendant has

2

attached only the Answer she filed in that action. *See* Answer, attached to Notice of Removal of Action and Counter Claim [1]. For that reason, the Court cannot independently determine the nature of the claims brought in the state court action and finds that the action should be remanded for that reason.

Furthermore, Defendant has otherwise failed to establish that this Court has subject matter jurisdiction over the action. Under 28 U.S.C. § 1441(b), diversity is not a ground for removal if the Defendant is a citizen of the state in which the action is brought. Defendant states that her residence is in Ellenwood, Georgia, and she does not allege that she is a citizen of another state. Thus, she cannot remove this case on the basis of diversity jurisdiction.

Removal is also improper because Defendant does not contend that the Plaintiff has brought any claim in state court arising under the Constitution, treaties, or laws of the United States. Instead of alleging that Plaintiff's state court complaint raises a claim under federal law, Defendant is attempting to remove the state court action by asserting defenses or counterclaims which purportedly raise questions of federal law. *See* Notice of Removal and Amended Notice of Removal.

The Supreme Court has held, however, that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-13 (1936); *see also Anderson v. Household Finance Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995). Because Defendant has failed to establish that Plaintiff's complaint filed in state court alleges a federal cause of action or presents a federal question on its face, under the "well-pleaded complaint" rule, this action must be remanded pursuant to 28 U.S.C. § 1446(c)(4). *See Federal Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D.Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action"). Therefore, Defendant has failed to establish that this Court has subject matter jurisdiction over the claims asserted by Plaintiff and this action must be remanded.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [2] is **GRANTED**, for the reasons discussed above **IT IS RECOMMENDED** that this action be **REMANDED** to the State Court of DeKalb County.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 16th day of March, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE